IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| **TIFFNEY HOOBER** and **DAVID MORDUE**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MOVEMENT MORTGAGE, LLC**, a Delaware Corporation,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFFS' CLASS ACTION COMPLAINT-1

Plaintiffs Tiffney Hoober and David Mordue ("Plaintiffs"), on behalf of themselves and all others similarly situated, complains and alleges the following:

## NATURE OF ACTION

1. This is a class action, pursuant to Federal Rule of Civil Procedure 23, seeking unpaid wages, exemplary damages, interest, and reasonable attorney's fees and costs pursuant to Revised Code Washington (hereinafter "RCW") 49.12, 49.46.020, 49.46.090, 49.46.130, 49.52.050, and 49.052.070 and Washington Annotated Code (hereinafter "WAC") 296-126-0920 and 296-126-092 on behalf of Plaintiffs and all other individuals employed in the State of Washington by Movement Mortgage, Inc. (hereinafter "Defendant") who were paid on a commission basis during at least one pay period (hereinafter "Class Members") during the three years prior to the filing of this Complaint through the present (hereinafter "Class Period").

## THE PARTIES

2. Plaintiff Tiffney Hoober resides in Tacoma, WA. Defendant employed Plaintiff as a Mortgage Loan Officer in Tacoma, Washington from November 2016 until September 2017.

3. Plaintif David Mordue resides in Pasco, WA. Defendant employed Plaintiff as a Mortgage Loan Officer in Kennewick, Washington from March 2018 until September 2018.

4. Defendant is a mortgage lender headquartered in Indian Land, South Carolina. Defendant employs over 4,000 people at 650 locations in the United States. Defendant had approximately $13 billion in annual mortgage originations in 2016.

5. Throughout the Class Period, Defendant employed Plaintiffs and Class Members at its Washington locations to sell residential property mortgages.

## JURISDICTION

6. This Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), because there is minimal diversity, more than 100 class members, and more than $5,000,000 in controversy, exclusive of interest and costs. Defendant is a Delaware corporation with its headquarters located in South Carolina. Defendant has, at all relevant times, operated out of, and employed Plaintiffs and Class Members, within Washington State.

PLAINTIFFS' CLASS ACTION COMPLAINT-2

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

## VENUE

7. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to Plaintiff Hoober's claims occurred in this District.

## FACTUAL ALLEGATIONS

8. During the Class Period, Defendant employed Plaintiffs and Class Members to sell mortgages. Plaintiffs and Class members received commissions based on a percentage of the mortgage loan that are sold each month. Defendant's compensation policy also provides that Class Members are paid draws and advances on their commission at an hourly rate no less than minimum wage. Defendant then "claws back" or deducts these payments from the commissions earned by each Class Member prior to payment. As a result, Class Members were paid only for the time spent engaged in sales activities but not for any periods of non-sales activity including time spent performing Non-Sales Tasks or time spent on rest breaks.

9. Plaintiffs and Class Members spent vast majority of their time inside of Defendant's offices performing tasks including contacting potential customers via email or telephone; collecting customer financial information; compiling available loan options for customers; completing paperwork; and finalizing documents for closings.

10. In addition to these tasks, Class Members also performed non-sales related tasks including, but not limited, meetings, assisting customers with non-mortgage related matters, teaching courses for first-time home buyers seeking to qualify for loan, grants and programs ("Non-Sales Tasks"). However, as a result of Defendant's policy to "claw back" Class Members' hourly pay from their commissions, it failed to pay Plaintiffs and Class Members for their time spent performing Non-Sales Tasks.

11. Under Washington law, employers are required to provide employees with a 10-minute rest period for each 3 hours of working time "on the employers time." WAC 296-126-092(4). However, as a result of Defendant's policy to "claw back" Class Members' hourly pay from their commissions, it failed to provide Plaintiff and Class Members with paid rest breaks.

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

12. Class Members routinely spent more than 40 hours per week performing their required job duties. Under Washington law, employers are required to pay employees at one-and-half times their regular hourly rate for hours worked in excess of 40 hours in a week. WAC 296-126-130. However, Defendant maintained a policy and/or practice of failing to pay Plaintiffs and Class Members at all for their overtime hours.

13. During the Class Period, Class Members were routinely unable to take timely off-duty meal breaks. Defendant expected and required Class Members to remain "on call" during business hours including being available to Defendant's customers at all times. Under Washington law, employers are required to provide employees with a 30-minute off-duty meal period between the second fifth hours of the shift. WAC 296-126-092(1). If an employee remains on duty during the meal period, then the meal period must be compensated. However, Defendant maintained a policy and/or practice of failing to pay Plaintiffs and Class Members for their missed meal breaks.

14. During the Class Period, Defendant issued inaccurate itemized wage statements to its Class Members. Specifically, the itemized wage statements issued to Class Members consistently fail to include accurate entries for "total hours worked" and the full "wages earned" by virtue of their exclusion of hours and hourly pay for rest breaks, missed meal breaks, Non-Sales Tasks, and overtime.

15. Defendant also failed to pay all wages due to Plaintiffs and Class Members at the established regular pay periods, and upon the termination of their employment with Defendant.

16. On information and belief, Defendant was on notice of the improprieties alleged herein by Plaintiffs, and intentionally refused to rectify their unlawful policies. Defendant's failure to pay Class Members all wages owing to them alleged above, during all relevant times herein, were willful and deliberate, and not the result of error or a bona fide dispute regarding the payment of wages.

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

## CLASS ACTION ALLEGATIONS

17. Plaintiffs assert their claims on behalf of himself and a class of similarly-situated people defined as: All employees of Defendant who were employed in Washington State and were paid on a commission basis during any pay period during the Class Period.

18. Upon information and belief, there are at least 100 current and former employees in the Class. Given Defendant's systemic failure to comply with the WAC and RCW, the members of the Class are so numerous that joinder of all members is impractical.

19. Plaintiffs' claims are typical of the claims of the Class because they were not paid separately and hourly for rest periods, Non-Sales Tasks, on-duty meal breaks, and were not paid overtime.

20. Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflict of interest with any member of the Class. Plaintiffs have retained competent and experienced counsel in complex class action litigation. Plaintiffs' counsel has the expertise and financial resources to adequately represent the interests of the Class.

21. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiffs and the Class are the following:

    a. Whether Defendant violated WAC 196-126-092 by failing to pay Plaintiffs and the Class Members for rest periods;

    b. Whether Defendant violated RCW 49.46.090 and WAC 296-126-020 by failing to pay Plaintiffs and the Class Members at least minimum wage for Non-Sales Tasks;

    c. Whether Defendant violated WAC 196-126-130 by failing to provide Plaintiffs and Class Members with overtime pay;

    d. Whether Defendant violated WAC 196-126-092 by failing to provide Plaintiffs and Class Members with off-duty meal breaks;

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

  e. Whether Defendant violated WAC 296-126-040 by furnishing wage statements to Class Members that failed to include Class Members' total hours worked and that failed to accurately sum up the total wages earned;

  f. Whether Defendant violated WAC 296-126-023 by failing to meet its legal obligation to pay all wages due to Plaintiffs and Class Members at the established regular pay periods;

  g. Whether Defendant violated RCW 49.48.010 by failing to pay Class Members all wages due to them upon termination of their employment with Defendant;

  h. Whether Defendant's violations of Washington wage and hour law were willful and with intent to deprive pursuant to RCW 49.52.050; and

  i. The nature and extent of class-wide injury and the measure of damages for the injury.

22. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendant's employee rosters and/or payroll records.

23. Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

24. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

enable them to maintain separate suits against Defendant.

## FIRST CAUSE OF ACTION
### Failure to Pay for Rest Breaks
### (WAC 296-126-092)

25. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

26. Throughout the Class Period, Defendant failed to provide paid rest breaks to Class Members in violation of WAC 296-126-092(4).

27. As a result, Plaintiffs and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12 and 49.48.030.

## SECOND CAUSE OF ACTION
### Failure to Provide Off-Duty Meal Periods
### (WAC 296-126-092)

28. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

29. Throughout the Class Period, Defendant failed to provide Class Members with off-duty meal breaks and failed to pay Class Members for their on-duty meal breaks in violation of WAC 296-126-092(1).

30. As a result, Plaintiffs and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12 and 49.48.030.

## THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wage
### (RCW 49.46.020 and RCW 49.46.090)

31. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

32. Throughout the Class Period, Defendant failed to pay Class Members for their time spent performing Non-Sales Tasks in violation of RCW 49.46.020, 49.46.090 and WAC 296-126-092.

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

33. As a result, Plaintiffs and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12.150, 49.46.090 and 49.48.030.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime**
**(RCW 490.46.020 and 49.46.130)**

34. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

35. Throughout the Class Period, Defendant failed to pay Class Members at least one and one-half times their regular rate of pay for hours worked in excess of forty hours in a week, in violation RCW 49.46.130.

36. As a result, Plaintiffs and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12.150, 49.46.090 and 49.48.030.

**FIFTH CAUSE OF ACTION**
**Failure to Issue Accurate Itemized Wage Statements**
**(WAC 296-126-040 and RCW 49.46.070)**

37. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

38. Throughout the Class Period, Defendant failed to furnish Plaintiff and Class Members with accurate itemized wage statements because the statements issued by Defendant failed to itemize wages owed for on-duty meal breaks, failed to itemize wages owed for rest breaks and for Non-Sales Tasks, and failed to include the legally required overtime pay, in violation of WAC 296-126-040 and RCW 49.46.070.

39. As a result, Plaintiffs and the Class are entitled to declaratory and injunctive relief, and reasonable attorney's fees and costs, as allowed by law.

///

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

## SIXTH CAUSE OF ACTION
### Failure to Pay All Wages Due at Established Pay Periods
### (WAC 296-126-023)

40. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

41. Throughout the Class Period, Defendant failed to meet its legal obligation to pay all wages due to Class Members at the established regular pay periods in violation of WAC 296-126-023.

42. As a result, Plaintiffs and Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12.

## SEVENTH CAUSE OF ACTION
### Failure to Pay All Wages on Termination
### (RCW 49.48.010)

43. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

44. During the Class Period, Defendant failed to pay Class Members all wages due to them upon termination of their employment with Defendant, in violation of RCW 49.48.010.

45. As a result, Class Members are entitled to recover the full amount of their underpaid wages, and attorney's fees and costs, pursuant to RCW 49.12 and 49.48.030.

## EIGHTH CAUSE OF ACTON
### Willful Refusal to Pay Wages
### (RCW 49.52.050)

46. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

47. During the Class Period, Defendant paid Plaintiffs and Class Members less than the amounts they were entitled to under Washington law, willfully and with the intent to deprive Class Members of their wages, in violation RCW 49.52.050.

48. As a result, Plaintiffs and Class Members are entitled to recover twice the amount of the wages withheld, as well as attorneys' fees and costs, pursuant to RCW 49.52.070.

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 25-2385

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the Class, pray for judgment against Defendant as follows:

A. An Order than this action may proceed and be maintained as a class action and certifying the class as defined above;

B. Unpaid wages pursuant to RCW 49.12, 49.12.150, 49.46.090, and 49.46.130;

C. An award of double damages in an additional amount equal to the amount wages unlawfully withheld during the Class Period pursuant to RCW 49.52.050 and 70;

D. Prejudgment interest as provided by Washington law;

E. An award of costs and reasonable attorney's fees; and

F. all other relief this Court deems proper.

## VII. JURY DEMAND

Plaintiffs hereby demands trial by jury of their class claims against Defendant.

Dated: December 7, 2018

Respectfully submitted,

    /s/ Julian Hammond
Julian Hammond
HAMMONDLAW, P.C.
1829 Reisterstown Road, Suite 410
Baltimore, MD 21208;
(310) 601-6766
(310) 295-2385 (Fax)

Attorneys for Plaintiff and Putative Class

PLAINTIFFS' CLASS ACTION COMPLAINT-10