# EXHIBIT 2

# EMPLOYEE ARBITRATION AGREEMENT

In consideration of the mutual benefits of voluntary arbitration as a dispute resolution mechanism, and other good and valuable consideration, you, DAVID W MORDUE, and the Company (as defined in Section 1 below) agree to arbitrate any claims or controversies during or following your employment, whether or not they are in any way related to or associated with your employment or the termination of your employment with the Company. This Agreement includes Claims (as defined in Section 4 below) that the Company may have against you or that you may have against the Company. This Agreement affects your rights to a trial by a jury. You may wish to seek legal advice before signing this Agreement.

## Section 1: Definition of Company
The term "Company" shall mean Movement Mortgage, LLC and any of its parents, subsidiaries, or affiliated companies and officers, directors, agents, representatives, owners, or shareholders, and all successors and assigns of any of them.

## Section 2: Arbitration Overview
In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an arbitrator, rather than to a judge or jury. The arbitrator is typically either an attorney or a retired judge. You and the Company (collectively the "Parties") are entitled to be represented by your own legal counsel in the arbitration proceeding. After reviewing the evidence and considering the arguments of the Parties, the arbitrator makes a written decision or award to resolve the dispute. The arbitrator's decision is final and binding, which means there will be no trial by a judge or jury, or appeal of the arbitrator's decision, except as provided by law.

## Section 3: Mutual Duty to Arbitrate
By signing this Agreement, the Parties agree that any arbitration shall be conducted before one neutral arbitrator selected by the Parties. The Parties agree that any arbitration shall be conducted under the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules") then in effect and that any arbitration hearing will be scheduled on a date or dates of mutual agreement and will be conducted within Mecklenburg County, North Carolina. You may obtain a copy of the AAA Rules by accessing the AAA website at www.adr.org. In addition, you may obtain a copy of the AAA Rules by requesting a copy from the Company's Human Resources Director. The Parties agree that this Agreement shall be enforceable under and subject to the substantive and procedural provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. The Parties also understand and agree that the Company is engaged in transactions involving interstate commerce.

## Section 4: Claims Subject to Arbitration
The "Claims" covered by this Agreement include, but are not limited to, all past, present, future claims, including any pending litigation, for: wrongful termination; breach of any contract or covenant, express or implied; breach of any duty owed to you by the Company or to the Company by you; disclosure of trade secrets or proprietary information, improper use of Company property or equipment; personal, physical or emotional injury; fraud, misrepresentation, defamation, or any other tort claims; wages or other compensation due; penalties; benefits; reimbursement of expenses; discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, pregnancy, religion, national origin, ancestry, age, marital status, physical disability, mental disability, medical condition, genetic characteristics, gender expression, gender identity, or sexual orientation; retaliation; violation of any federal, state or other governmental constitution, statute, ordinance or regulation (as originally enacted and as amended), including but not limited to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans With Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), the Employee Retirement Income Security Act

v.2-10132017                               -1 of 5-                              DM
                                                                        _____
                                                                        Employee's Initials

("ERISA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Family and Medical Leave Act ("FMLA"), and any other federal or state antidiscrimination, leave, or wage and hour law, regulation or order. As used herein, "Claims" does not mean any dispute if arbitration of the dispute is prohibited by law including but not limited to claims for workers' compensation or unemployment benefits and non-waivable statutory claims such as the filing of administrative agency charges before the EEOC or similar state or local agencies. This means that you may file such non-waivable statutory claims with the appropriate agency if you wish. However, if an agency completes its processing of the claim and you decide to pursue further remedies on such claims in a civil action, you must file a demand for arbitration. You may learn more about your legal rights by visiting websites hosted by federal and state governmental agencies. Current links to some of these federal websites are listed below, although they are subject to change by the hosting agencies: www.dol.gov;www.dol.gov/compliance/laws/comp-flsa.htm; www.dol.gov/dol/topic/wages/index.htm; and www.eeoc.gov/.

### Section 5: Arbitration of Individual Claims Only
All Claims covered by this Agreement must be submitted on an individual basis. No claims may be arbitrated on a class or collective basis. The Parties expressly waive any right with respect to any covered Claims to submit, initiate, or participate as a plaintiff, claimant or member in a class action, collective action or joint action, regardless of whether the action is filed in arbitration or in court. Further, the parties agree that they may not bring claims against the other under any representative or private attorney general statute ("PAGA"), unless applicable law requires otherwise. If the preceding sentence is determined to be unenforceable, then such representative or PAGA claim shall be litigated in a civil court of competent jurisdiction, and all remaining claims will proceed in arbitration.

**BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES, AND MAY NOT BRING, PURSUE, OR ACT AS A PLAINTIFF OR CLASS MEMBER, IN ANY PURPORTED CLASS OR COLLECTIVE PROCEEDING.**

### Section 6: Starting Arbitration and Costs
Either party may initiate arbitration by delivering a written request to arbitrate to the other party listing the Claim(s) to be arbitrated. Requests to the Company shall be delivered to the Company's Registered Agent. Requests to you shall be delivered to the last known home address you provided in writing. The arbitration shall take place in the county where you were employed by the Company. Any request for arbitration must be made within one year after the event giving rise to the dispute. If the claim was submitted to a federal, state or local agency (such as the EEOC), then a request for arbitration of that claim must be made within 90 days after receipt of the agency's decision, unless a longer time period is provided by law. If a longer limitations period is provided by a statute governing the claim, then the claim will be subject to the longer limitations period provided by the statute.

### Section 7: Cost of Arbitration
The parties will share the costs of the AAA filing fee. However, your portion of such fee shall not exceed an amount equal to one day's pay (for exempt employees) or eight (8) times your hourly rate or the cost of local court filing fee, whichever is less. The Company will pay for arbitrator compensation and for any other administrative fees unique to arbitration. You will be responsible for the fees and costs of your own legal counsel, if any, and for your own expenses and costs such as those associated with witnesses and transcript copies.

### Section 8: Arbitrator's Authority
The arbitrator shall apply state and/or federal substantive law to determine issues of liability and damages regarding all claims to be arbitrated. The arbitrator will apply the law of the State of North Carolina to any matter brought before him or her pursuant to this Agreement. The arbitrator is authorized to award


Employee's Initials

any remedy or relief that would have been available to the Parties, in their individual capacity, had the matter been heard in a court having jurisdiction over the claim. The arbitrator shall have the authority to provide for the award of attorneys' fees and costs to the prevailing party if such award is authorized by applicable law. No arbitrator shall have the authority to alter the at-will status of any employee or to impose any limit on the Company's discretion to discipline or discharge any employee, except as otherwise provided by law. The arbitrator's authority to resolve disputes and make awards under this Agreement is limited to disputes between (1) you as an individual and the Company; and (2) you as an individual and any current or former officer, director, representative, and agent if such individual is sued for conduct within the scope of his or her employment. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration. This Agreement shall not be construed to deprive a party of a substantive right preserved by law.

### Section 9: Written Decision
The decision of the arbitrator shall be in writing and shall provide the reasons for the arbitrator's award unless the Parties otherwise agree in writing.

### Section 10: Confidentiality

All statements and information made or revealed during the arbitration process are confidential and neither you nor the Company may reveal any such statements or information, except on a need-to-know basis or as permitted or required by law.

### Section 11: Entire Agreement
The terms of this Agreement control over any prior or subsequent oral discussions you may or have had with a Company representative about arbitration. The original version of this Agreement is in the English language. Any discrepancy or conflicts between the English version and any other language version will be resolved with reference to and by interpreting the English version.

### Section 12: Governing Law
The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of North Carolina.

### Section 13: Severability
If any provision of this Agreement is determined to be illegal or unenforceable, such determination shall not affect the balance of this Agreement, which shall remain in full force and effect and such invalid provision shall be deemed severable.

### Section 14: Opt Out Rights
You have 30 days after signing this Agreement to opt out of arbitration. If you opt out, then neither you nor the Company will be bound by the terms of this Agreement. To opt out, you must provide written notice that you are opting out to the Company's Associate General Counsel at 8024 Calvin Hall Road, Indian Land, SC 29707 so that the Company receives the notice no later than 30 days after the date you signed this Agreement. Such written notice may simply state "I wish to opt out of the arbitration program" or words to that effect. If no such notice is delivered before the 30-day deadline, then this Agreement will become fully effective and binding upon the date below. If you opt out, you will not receive the consideration provided to those who sign the Agreement and do not opt out thereafter, including the ability to raise disputes through the arbitration process.


Employee's Initials

**BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT.**

**BY SIGNING THIS AGREEMENT, THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, THAT THEY UNDERSTAND ITS TERMS, AND THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS OTHER THAN THOSE CONTAINED IN THIS AGREEMENT.**

Dated: 2/16/2018 , 2017     By: *David Mordue*
                                 Employee
                                 Print Name: DAVID W MORDUE

Dated: 4/26/2018 , 2017     By: *Ashlie McDonald*
                                 For Movement Mortgage, LLC

Employee's Initials: DM

## ACKNOWLEDGMENT OF EXECUTION

## OF MUTUAL AGREEMENT TO ARBITRATE

_DM_ I understand that I have signed a Mutual Agreement to Arbitrate (the "Agreement").

_DM_ I had an opportunity to read the Agreement in full before it was signed.

_DM_ I had an opportunity to ask questions concerning the Agreement and I received satisfactory answers to my questions before I signed the Agreement.

_DM_ I understand the terms and conditions of the Agreement.

_DM_ I was given a reasonable opportunity and period of time within which to consider the terms of the Agreement before I signed it.

_DM_ I was given a reasonable opportunity to consult with an attorney of my choice concerning the Agreement before I signed it.

_DM_ No one placed any undue pressure on me to sign the Agreement.

_DM_ I have freely and voluntarily waived my right to have any employment-related claims that I or the Company might have decided by a judge and/or a jury.

_DM_ I have freely and voluntarily waived any opportunity to act as a plaintiff or class member in any purported class or collective proceeding.

Please initial each of the blanks above to indicate your agreement with the corresponding statements.

DocuSigned by: _David Mordue_
~~Employee's~~ Signature

DAVID W MORDUE
Employee's Printed Name

Executed on  2/16/2018           , 2017

_DM_
Employee's Initials