IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| **TIFFNEY HOOBER** and **DAVID MORDUE**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MOVEMENT MORTGAGE, LLC**, a Delaware Corporation,<br><br>Defendant. | Case No. 3:18-cv-6001-BHS<br><br>**DECLARATION OF PLAINTIFF TIFFNEY HOOBER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY PROCEEDINGS** |

DECLARATION OF PLAINTIFF TIFFNEY HOOBER IN
SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION, DISMISS
CLASS CLAIMS, AND STAY PROCEEDINGS

CASE NO. 3:18-CV-06001-BHS

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 295-2385

Page 1

DocuSign Envelope ID: FF093F74-A263-47B4-A596-A3D496D00A42
Case 3:18-cv-06001-BHS    Document 16    Filed 03/04/19    Page 2 of 4

I, Tiffney Hoober, declare as follows:

1. I am over 18 years of age and have personal knowledge of the following facts. I would so testify competently to the below statements if called to do so in a court of law.

2. I am a Named Plaintiff/Class Representative in the above-referenced action.

3. I first contacted Movement in September 2016 to inquire about employment.

4. I spoke primarily with Jeff Jensen, someone whom I knew from previous work in the mortgage industry. Jeff expressed strong interest in hiring me from the beginning.

5. Mr. Jensen put me in touch with Debra Montgomery, the "Market Leader" at that time, who similarly expressed strong interest in hiring me.

6. Ms. Montgomery directed me to take a personality test and met with me in person at least two separate times during the months of September and October 2016.

7. During the months of September and October 2016, I had multiple conversations with Movement about, for example, bringing over my assistant, my assistant's ability to procure a license, and Movement's ability to close the loans I would bring to them.

8. Based on Movement's conduct, the representations made by Mr. Jensen and Ms. Montgomery, and the amount of time I had spent exploring employment with Movement, I was under the impression that Movement had firmly decided to hire me and that only paperwork remained to be complete.

9. On the basis of this impression, I stopped exploring other potential employment.

DECLARATION OF PLAINTIFF TIFFNEY HOOBER IN
SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION, DISMISS
CLASS CLAIMS, AND STAY PROCEEDINGS

CASE NO. 3:18-CV-06001-BHS

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 295-2385

Page 2

10. Movement did not present me with a copy of the "Mutual Agreement to Arbitrate" during any of our conversations described above or otherwise indicate that it would be asking me to sign such an agreement.

11. Sometime around October 24, 2016, Movement sent me an offer letter.

12. Approximately one week later, on or about October 31, 2016, Movement sent me a DocuSign link containing numerous forms, including "Employee Arbitration Agreement" and "Team Leader Employment Agreement." A true and correct copy of the Team Leader Employment Agreement sent to me is attached hereto as **Exhibit A.**

13. Through my conversations with Mr. Jenson, I understood that the documents in the DocuSign envelope all had to be signed by me if I wished to work for Movement and that there was no opportunity to negotiate their terms.

14. Mr. Jenson also told me that it was urgent that I complete the paperwork as soon as possible. During numerous phone calls, Mr. Jenson explained that he was anxious that I return the paperwork right away because he wanted to get me into a training session in West Virginia which was scheduled for some time in November 2016. Because of this pressure from Mr. Jenson, I completed the new hire paperwork the same day it was sent to me.

15. Because I had already spent nearly two months negotiating with Movement about my prospective employment and ceased looking for other work by the time Movement sent me

///

///

///

DECLARATION OF PLAINTIFF TIFFNEY HOOBER IN
SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION, DISMISS
CLASS CLAIMS, AND STAY PROCEEDINGS

CASE NO. 3:18-CV-06001-BHS

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 295-2385

1 the DocuSign envelope, and because I was leaving my previous employment, I felt I had no choice
2 but to agree to whatever terms Movement presented in its hiring paperwork.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed March __4__, 2019, in __Tacoma_____, Washington.

*Tiffney Hoober*
_____
Tiffney Hoober

DECLARATION OF PLAINTIFF TIFFNEY HOOBER IN
SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION, DISMISS
CLASS CLAIMS, AND STAY PROCEEDINGS

CASE NO. 3:18-CV-06001-BHS

HAMMONDLAW, P.C.
1829 REISTERSTOWN RD., SUITE 410
BALTIMORE, MD 21208
Tel: (310) 601-6766
Fax: (310) 295-2385